UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDAN NGEHSI NEWANFORBI,<br>Plaintiff,<br>v.<br>DERRICK, *et al.*,<br>Defendants. | Case No. 2:26-cv-0004-DJC-JDP (PS)<br><br>ORDER |

Plaintiff is required to participate in a parole re-entry program. Plaintiff, proceeding pro se, alleges that the program's director, his parole officer, and his parole officer's supervisor have violated his constitutional rights. Defendants separately move to dismiss. For the reasons stated below, plaintiff's first amended complaint will be dismissed with leave to amend.

**Background**

Plaintiff is a Black man under parole supervision by the California Department of Corrections and Rehabilitation. ECF No. 5 ¶ 8. As a mandatory condition of his parole, plaintiff participates in the HOPE program, a parole re-entry program. *Id.* ¶ 5. Katie Palacios is the director of the HOPE program. *Id.* ¶ 10. During group sessions in 2024, plaintiff "engaged in verbal expression and complaints regarding disrespectful treatment by program staff and other participants" and raised concerns, including that "he had remained in the HOPE group for approximately five years despite having completed all assigned homework multiple times." *Id.*

¶¶ 13-14. Plaintiff alleges that rather than address his concerns, HOPE program personnel, including Palacios, characterized his speech as "disruptive." *Id.* ¶ 15. Plaintiff alleges that A. Derrick, his parole officer, told him that his speech was "disruptive," and after plaintiff asserted that he had "freedom of speech," Derrick replied "[n]ot in HOPE group you don't." *Id.* ¶¶ 17-18.

In March and April 2025, plaintiff worked at FedEx. ¶¶ 20-24. Plaintiff alleges that while the HOPE program began at 6:00 p.m., there was a "standard 10-minute grace period permitting late arrival without violation." *Id.* ¶ 23. After using this grace period, plaintiff alleges that "Derrick and Palacios conferred and jointly decided to revoke" it under the belief that plaintiff was abusing the grace period "as an excuse to show up late." *Id.* ¶ 24. Accordingly, plaintiff resigned from his position at FedEx. *Id.* ¶ 26.

Sometime thereafter, plaintiff, Derrick, and Palacios held a team meeting. *Id.* ¶ 28. Plaintiff alleges that Derrick "presented a negative oral report." *Id.* Plaintiff also alleges that Palacios "characterized Plaintiff as a 'ringleader' whose speech encouraged others to speak." *Id.* ¶ 29. G. Noguchi, Derrick's supervisor, was also present at this meeting, and after plaintiff requested a new parole officer, Noguchi denied the request. *Id.* ¶¶ 30, 32.

In November 2025, a "Discharge Review Report was prepared that relied on input from Defendants Derrick and Palacios, including their characterizations of Plaintiff as 'disruptive' and a 'ringleader.' The report recommended continued retention on parole." *Id.* ¶ 36.

At a later time, plaintiff obtained a form to request a change of parole officer. *Id.* ¶ 39. Plaintiff alleges that, upon seeing the form, Derrick stated "[y]ou're just finding something to complain about, huh?" *Id.* ¶ 40. "Plaintiff became visibly nervous and found himself unable to respond." *Id.* Plaintiff "abandoned the request due to fear of further retaliation." *Id.* Plaintiff further alleges that Derrick has a pattern and practice of treating Black parolees differently than white parolees. *Id.* ¶¶ 52-58.

**Procedural History**

Plaintiff filed the first amended complaint as a matter of course ("FAC") in January 2026.[1] ECF Nos. 1 & 5. The FAC brings three claims pursuant to 42 U.S.C. § 1983: (1) First Amendment retaliation against all defendants; (2) race-based disparate treatment in violation of Equal Protection against Derrick and Palacios; and (3) substantive due process against all defendants. ECF No. 5 ¶¶ 61-82. Nearly two weeks after filing the FAC, Plaintiff filed an ex parte motion for preservation of evidence and limited expedited discovery.[2] ECF No. 8.

In January 2026, defendants Derrick and Noguchi filed a motion to quash insufficient service of process or, in the alternative, to plaintiff's First Amendment retaliation and substantive due process claims. ECF No. 9. Plaintiff filed an opposition, and moving defendants filed a reply.[3] ECF Nos. 10 & 12. In April 2026, Palacios filed a motion to dismiss all claims in the FAC. ECF No. 24. Plaintiff has filed an opposition. ECF No. 25.

---

[1] Plaintiff concurrently filed a request for email notifications. ECF No. 6. However, plaintiff does not need a court order to receive such notifications. Any member of the public can monitor case activity by creating an account on Public Access to Court Electronic Records, https://pacer.login.uscourts.gov. Accordingly, I will deny plaintiff's request.

[2] This motion will be denied. Defendants already have a general duty to preserve evidence. *See Ameripride Svcs., Inc. v. Valley Indus. Serv., Inc.*, No. CIV-S-00-113 LKK-JFM, 2006 WL 2308442, at *4 (E.D. Cal. Aug. 9, 2006) (citing *National Ass'n of Radiation Survivors v. Turnage*, 115 F.R.D. 543, 566-67 (N.D. Cal. 1987)). If plaintiff has concerns regarding preservation, he should send notices to preserve evidence to defense counsel. *See Picozzi v. Nevada*, 2023 WL 11920185, at *2 (D. Nev. April 12, 2023). As for expedited discovery, a court may allow early discovery only by a showing of good cause, which plaintiff has not demonstrated. *See Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275 (N.D. Cal. 2002); *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("It is sounder practice to determine whether there is any reasonable likelihood that plaintiffs can construct a claim before forcing the parties to undergo the expense of discovery.").

[3] Plaintiff has filed two motions for leave to file a supplemental opposition to address arguments regarding the dismissal of his claims. ECF Nos. 13 & 15. Derrick and Noguchi have filed a motion to strike or, in the alternative, opposition to plaintiff's motion for leave. ECF No. 14. Plaintiff was put on notice by Derrick and Noguchi's motion that they sought dismissal of the FAC. *See* ECF No. 9 at 9-11. Derrick and Noguchi did not raise any new arguments in their reply brief. *See* ECF No. 12 at 3. Accordingly, I will deny plaintiff's motions for leave, ECF Nos. 13 & 15, and I will deny Derrick and Noguchi's motion to strike, ECF No. 14. *See Finley v. Fax*, 683 F. App'x 630, 631 (9th Cir. 2017) ("The district court did not abuse its discretion in denying [the plaintiff's] request for leave to file a sur-reply because the district court reviewed the briefing and found no new issues raised in defendants' reply that necessitated further argument.").

**Legal Standard**

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In assessing the sufficiency of the pleadings, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The court is to "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Outdoor Media Grp., Inc. v. City of Beaumont*, 506 F.3d 895, 900 (9th Cir. 2007). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 664. Those facts must be sufficient to push the claims "across the line from conceivable to plausible." *Id.* at 683. Ultimately, the allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). However, a liberal interpretation of a complaint "may not

supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

**Discussion**

The court discusses the following issues: (1) the claims against Palacios; (2) the First Amendment retaliation claim; and (3) the substantive due process claim.[4]

**A. Palacios**

Palacios argues that plaintiff does not sufficiently allege that she is a state actor for purposes of section 1983, which forms the basis for all claims in the FAC. *See* ECF No. 24 at 6-10. Plaintiff counters that his allegations are sufficient. ECF No. 25 at 3-6.

Courts "start with the presumption that conduct by private actors is not state action." *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 922 (9th Cir. 2011). The plaintiff "bears the burden of establishing that [the defendants] were state actors." *Id.* "The Supreme Court has articulated four tests for determining whether a private individual's actions amount to state action: (1) the public function test; (2) the joint action test; (3) the state compulsion test; and (4) the governmental nexus test." *Franklin v. Fox*, 312 F.3d 423, 444-45 (9th Cir. 2002). The court addresses each test in turn.

First, "[u]nder the public function test, when private individuals or groups are endowed by the State with powers or functions governmental in nature, they become agencies or instrumentalities of the State and subject to its constitutional limitations." *Florer*, 639 F.3d at 924 (quoting *Lee v. Katz*, 276 F.3d 550, 554-55 (9th Cir. 2002)). "The public function test is satisfied only on a showing that the function at issue is 'both traditionally and exclusively governmental.'" *Id.* (quoting *Kirtley v. Rainey*, 326 F.3d 1088, 1093 (9th Cir. 2003)). "While many functions have been traditionally performed by governments, very few have been 'exclusively reserved to the State.'" *Flagg Bros. v. Brooks*, 436 U.S. 149, 158 (1978) (quoting *Jackson v. Metro. Edison Co.*,

---

[4] As an initial matter, Derrick and Noguchi's motion to quash service will be denied as moot in light of their waiver of service set forth in their reply brief. *See* ECF No. 12 at 3 ("However, to the extent Plaintiff's January 30, 2026, attempted service by mail of the FAC on Defendants Derrick and Noguchi, rather than the Attorney General's Office, and the correct documentation was served, Defendants shall, to conserve judicial resources, waive service and formally appear.").

419 U.S. 345, 352 (1974)).

Here, plaintiff has not pleaded any allegations regarding whether the operation of parole re-entry programs is "both traditionally and exclusively governmental." *See Florer*, 639 F.3d at 924. Accordingly, Palacios is not a state actor under the public function test.

Second, "[u]nder the joint action test, courts examine whether state officials and private parties have acted in concert in effecting a particular deprivation of constitutional rights." *Franklin*, 312 F.3d at 445 (internal quotation marks and citation omitted). "A plaintiff may demonstrate joint action by proving the existence of a conspiracy or by showing that the private party was 'a willful participant in joint action with the State or its agents.'" *Id.* (quoting *Collins v. Womancare*, 878 F.2d 1145, 1154 (9th Cir. 1989)). "To be liable as a co-conspirator, a private defendant must share with the public entity the goal of violating a plaintiff's constitutional rights." *Id.*

Here, plaintiff alleges that Palacios "acted jointly with parole officials, exercised authority over Plaintiff's mandatory program participation, communicated directly with parole agents regarding Plaintiff's conduct and compliance, and made recommendations affecting Plaintiff's parole status." ECF No. 5 ¶ 10. However, plaintiff does not plausibly allege that defendants shared "the goal of violating [his] constitutional rights." *See Franklin*, 312 F.3d at 445. Accordingly, Palacios is not a state actor under the public function test.[5]

---

[5] Plaintiff asserts that his position is supported by *Rawson v. Recovery Innovations, Inc.*, 975 F.3d 742 (9th Cir. 2020). ECF No. 25 at 4. He states that "[i]n *Rawson*, the Ninth Circuit held that a private contractor operating a mandatory reentry/mental-health program acts under color of state law when it 'act[s] jointly with parole officials, exercise[s] authority over [the parolee's] program participation, communicat[es] directly with parole agents regarding [the parolee's] conduct and compliance, and ma[kes] recommendations affecting [the parolee's] . . . status.'" *Id.* at 4-5 (quoting *Rawson*, 975 F.3d at 751-53) (alterations by plaintiff). However, this quotation does not appear in *Rawson*. What is more, *Rawson* does not stand for this proposition since it did not concern the operation of a re-entry program or even include the word "parole." Rather, the *Rawson* court assessed whether the defendants acted under color of law when they involuntarily committed the plaintiff for over one hundred days and forcibly medicated him. *See Rawson*, 975 F.3d at 746-47. Plaintiff is reminded that when he submits a court filing, he is certifying to the best of his "knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," that the legal contentions therein "are warranted by existing law." *See* Fed. R. Civ. P. 11(b)(2).

Third, the governmental nexus test "asks whether 'there is a such a close nexus between the State and the challenged action that the seemingly private behavior may be fairly treated as that of the State itself.'" *Kirtley*, 326 F.3d at 1094-95 (quoting *Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)). The Court of Appeals has held that a nexus is not sufficiently close where the actions of the private actor do not "appear to be 'fairly attributable to the state.'" *Id.* at 1095 (quoting *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 836 (9th Cir. 1999)).

Here, while plaintiff pleads connections between the HOPE program and the state, he does not plausibly allege that Palacios's actions "appear to be fairly attributable to the state." *See id.* In *Kirtley*, the Court of Appeals held that a state-appointed guardian was not a state actor even though "the guardian is appointed by a state actor, is paid by the state, and is subject to regulation by state law." *Id.* at 1095. The court explained that the guardian reports to the court "as an independent investigator" and "occupies a role distinct from the court before which she advocates." *Id.* The same is true here. Palacios operates independently and occupies a role distinct from the state in its management of parole services. Accordingly, Palacios is not a state actor under the governmental nexus test.

Finally, "[t]he compulsion test considers whether the coercive influence or 'significant encouragement' of the state effectively converts a private action into a government action." *Id.* at 1094 (citing *Sutton*, 192 F.3d at 836-37). The Supreme Court has held that "a State normally can be held responsible for a private decision only when it has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State." *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982).

Here, plaintiff does not plausibly allege that the state "exercised coercive power or has provided such significant encouragement" over Palacios's actions such that her actions "must in law be deemed to be that of the State." *See id.*

Plaintiff does not carry his burden of establishing that Palacios is a state actor, leaving undisturbed the presumption that Palacios's conduct is not state action. *See Florer*, 639 F.3d at 922. Accordingly, plaintiff's claims against Palacios must be dismissed.

**B. First Amendment Retaliation**

Defendants separately argue that plaintiff fails to state a First Amendment retaliation claim. *See* ECF No. 9 at 9-11; ECF No. 24 at 10-11. Plaintiff avers that he has sufficiently pleaded this claim. ECF No. 25 at 6-10.

"[A] viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."[6] *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff fails to show that his speech was protected and that any defendant took an adverse action because of such speech. As Palacios points out, "there is no description or identification of specific speech by Plaintiff, no description or identification of specific speech retaliated against or deprived by Defendant, nor any plausible argument that Plaintiff's activity was protected in the first place." *See* ECF No. 24 at 10 (emphasis omitted). Plaintiff does not allege what particular speech led to what retaliation by which defendant. Accordingly, this claim must be dismissed.

Moreover, Noguchi correctly points out that he cannot be held liable under section 1983 based solely on a theory of *respondeat superior*. *See* ECF No. 9 at 11 (citing *Iqbal*, 556 U.S. at 676 ("Based on the rules our precedents establish, respondent correctly concedes that Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*.")). Instead, a defendant is liable as a supervisor under section 1983 "if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989). Plaintiff does not sufficiently allege a connection between Noguchi and any constitutional violation. His claim

---

[6] Although originally crafted for the prison context, these elements have also been applied to claims in the parole context. *See Wilson v. City of Fountain Valley*, 372 F. Supp. 2d 1178, 1187 (C.D. Cal. 2004).

against Noguchi must be dismissed on this basis as well.

Accordingly, plaintiff's First Amendment retaliation claim will be dismissed.

**C. Substantive Due Process**

Defendants separately argue that plaintiff fails to state a substantive due process claim because it is duplicative of his First Amendment claim. *See* ECF No. 9 at 9; ECF No. 24 at 11. Plaintiff counters that he pleaded his substantive due process claim "alternatively and independently" of his First Amendment claim. ECF No. 25 at 11. However, plaintiff states that he does not oppose dismissal of this claim if the court finds that it is duplicative. *See id.*

"Where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims.'" *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)). Plaintiff's allegations for this claim are duplicative of those in his claims brought under the First Amendment and Equal Protection Clause. *Compare* ECF No. 5 ¶¶ 61-74 *with id.* ¶¶ 75-82. Accordingly, plaintiff's substantive due process claim must be dismissed.

Because plaintiff may cure deficiencies by amendment, he is afforded leave to amend. Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Any amended complaint must be complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. An amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[The] amended complaint supersedes the original, the latter being treated thereafter as non-existent.") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Accordingly, it is hereby ORDERED that:

1. Defendants Derrick and Noguchi's motion to quash and dismiss, ECF No. 9, is GRANTED in part and DENIED in part. Specifically, the motion is granted to the extent that it seeks dismissal of plaintiff's claims, and it is denied to the extent that it seeks to quash service.

2. Defendant Palacios's motion to dismiss, ECF No. 24, is GRANTED.

3. Plaintiff's request to receive email notifications, ECF No. 6, is DENIED.

4. Plaintiff's motion for the preservation of evidence and limited expedited discovery, ECF No. 8, is DENIED.

5. Plaintiff's motion for leave to file a supplemental opposition, ECF No. 13, is DENIED.

6. Defendant Palacios's motion to strike, ECF No. 14, is DENIED.

7. Plaintiff's motion for leave to file a supplemental opposition, ECF No. 15, is DENIED.

8. Plaintiff's first amended complaint, ECF No. 5, is DISMISSED with leave to amend.

9. Plaintiff may file an amended complaint within fourteen days. Failure to do so will result in this action proceeding on plaintiff's sole claim for violation of his Equal Protection rights against Derrick. Should plaintiff fail to file an amended complaint within the time proscribed, Derrick shall file an answer consistent with the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Dated: July 24, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE